# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **RUBEN CANTU** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 7:21-cv-155** |
| **CITY OF WESLACO, TEXAS;** | § | **JURY TRIAL** |
| **CHRISTIAN TAMEZ,** *Individually*; | § | |
| **ROBERTO RODRIGUEZ,** *Individually*; | § | |
| **GERRARDO OCHOA, JR.,** *Individually* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

NOW COMS Plaintiff, Ruben Cantu, bringing this his *Plaintiff's Original Complaint*, praying for damages against the City of Weslaco, Texas, Christian Tamez, *Individually*, Roberto Rodriguez, *Individually*, and Gerrardo Ochoa, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff his rights guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, McAllen Division, as such is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

## PARTIES

2. Plaintiff is Ruben Cantu (hereinafter occasionally referred to as "Mr. Cantu").

3. Defendant City of Weslaco, Texas, (hereinafter "City"), is a political subdivision of the State of Texas and can be served with summons upon City of Weslaco, Texas, Mayor David Suarez, 255 S. Kansas Ave., Weslaco, Texas 78596.

4. Defendant Christian Tamez (hereinafter "Tamez" or one of the "Individual Defendants") was, at all times material to this suit, an officer employed by the WESLACO POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Tamez while acting under color of state law, and was committed during of his employment with the WESLACO POLICE DEPARTMENT. Tamez may be served with summons at his place of employment, WESLACO POLICE DEPARTMENT, 901 N. Airport Drive, Weslaco, Texas 78596.

5. Defendant Roberto Rodriguez (hereinafter "Rodriguez" or one of the "Individual Defendants") was, at all times material to this suit, an officer employed by the WESLACO POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Rodriguez while acting under color of state law, and was committed during of his employment with the WESLACO POLICE DEPARTMENT. Rodriguez may be served with summons at his place of employment, WESLACO POLICE DEPARTMENT, 901 N. Airport Drive, Weslaco, Texas 78596.

6. Defendant Gerrardo Ochoa (hereinafter "Ochoa" or one of the "Individual Defendants") was, at all times material to this suit, an officer employed by the WESLACO POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Ochoa while acting under color of state law, and was committed during of his employment with the WESLACO POLICE DEPARTMENT. Ochoa may be served with summons at his place of employment, WESLACO POLICE DEPARTMENT, 901 N. Airport Drive, Weslaco, Texas 78596.

# **FACTS**

7.      On or about May 30, 2019, Mr. Cantu was attending a hearing in the Weslaco PD Courtroom regarding a ticket he has received. After patiently waiting his opportunity to address the Court, Mr. Cantu did just that and the bench "trial" of his ticket was commenced with Rodriguez sitting at the table to testify against Mr. Cantu. At that point, the Judge told Mr. Cantu he could sit if he wanted to. Mr. Cantu, who was comfortable standing and did not want to sit immediately next to counsel for the State, informed the Judge that he was comfortable standing and addressing in addressing the Court while doing so. Whether because of the Judge and/or one of the Defendants, Defendant Tamez came to Mr. Cantu and tried to force Mr. Cantu into a chair with physical force. Believing he had done nothing wrong and preferring to stand to address the Court at a better eye-level, Mr. Cantu resisted such efforts at "manhandling" him and told Tamez to remove his hands. That is when Tamez, followed by Ochoa, removed Mr. Cantu from the Courtroom and into the adjoining hallway. During this time, Mr. Cantu was compliant and was not threatening to anyone, including Defendants.

8.      At this point, Mr. Cantu was feeling the pain from Tamez's clutches and yelled for the judge that he was hurting him. It was then that Rodriguez joined the other two and thereafter, Mr. Cantu was slammed into the wall and stretched and/or pulled to such a point that, *inter alia*, his clavicle was broken by Tamez. At no time during this obvious use of force by Tamez did Ochoa and/or Rodriguez take any action to prevent such from occurring, despite their position and ability to do so.

9.      Thereafter, Mr. Cantu was further caused pain and suffering when, despite Mr. Cantu's complaints that he needed medical attention, Defendants refused to do so and left Mr. Cantu in a jail cell for over two hours before releasing him to the hospital.

10. To date, Mr. Cantu is still experiencing pain and/or damages from the unlawful attack, which left him unable to work for a significant period of time.

11. In addition, the Individual Defendants charged Mr. Cantu with an assault, which remains pending. Plaintiff was not charged with any offense as a result of the incident forming the basis of this complaint.

## **CLAIM FOR RELIEF - - §1983**

12. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

13. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

14. 42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Mr. Cantu alleges that Defendants, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a) by using excessive force upon Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was

        objectively unreasonable;

   b)      by detaining/arresting and falsely imprisoning Plaintiff in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause; and

   c)      by failing to intervene, where such intervention would have prevented the injuries of Plaintiff.

15.    **§ 1983 – Municipal Liability.**  It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in-compliance with the City's customs, practices, policies or procedures. A City is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels. In this case, Defendant City is liable because it sanctioned the custom, practice and/or policy or procedure of illegal seizures and excessive force.  The Individual Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by Defendant City out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions.  Liability for Defendant City is established under §1983 because the assault, beating, and severe injury to citizens, with little or no justification is a persistent, widespread practice of City employees -- namely officers/deputies -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official City policy. Defendant City's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of police officers using excessive force upon citizens establishes custom and accession to that custom by their policy makers. Defendant City's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.  In the alternative, Defendant City is liable under §1983 for failure to adopt a policy precluding officers from beating/assaulting citizens because such failure to adopt such a policy is

5

one of intentional choice. Additionally, City is liable because its failure to train that the criticism of police is never justification for an arrest and/or because such arrests (based on race and/or racially motivated) are representative of a customary practice and/or policy or procedure that was sanctioned and/or tacitly followed by City.

**DAMAGES**

16. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to: pain and suffering, emotional and mental distress, personal humiliation and shock, and severe emotional distress.

17. Said injuries have caused Plaintiff to incur special damages which include but are not limited to: past and future medical expenses, past and future lost income, lost wages and the occurrence of attorneys' fees associated with criminal charges.

18. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees.

19. In addition, Plaintiff prays for punitive damages against the Individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from §1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiff alleges and prays for punitive damages against the Individual Defendants, as such Defendants actually knew that their conduct was

unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against the individual Defendant in an amount to punish and/or deter and to make an example of that Defendants in order to prevent similar future conduct; and, that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre- judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recovers against each Defendant any and all other general or specific relief to which he may prove himself justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361) 808-4444
Telecopier: (361) 232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*

By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).